## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 04-03140-01-CR-S-DW |
| STEVEN GOSLEE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Declare Charging Statute Unconstitutionally Vague. He asserts that 18 U.S.C. § 922 (g)(3) should be declared void for vagueness, and seeks dismissal of Counts I, II, III and IV of the Superseding Indictment in this case.

Defendant is charged with possession of firearms by a prohibited person in four counts of the Superseding Indictment. In each count, the prohibited conduct is identified as "being an unlawful user of illegal controlled substances; i.e., methamphetamine, a Schedule II Controlled Substance, and marijuana a Schedule I Controlled Substance."

Section 922 (g) states in pertinent part that:

> "It shall be unlawful for any person—. . .
> (3) who is an lawful user of . . . any controlled substance. . .
> to possess in and affecting commerce, any firearm. . ."

1

It is defendant's position that the statute is unconstitutionally vague because it does not provide fair warning of the prohibited conduct, and impermissibly fails to establish standards for the police and public that sufficiently guard against the arbitrary deprivation of liberty. It is his contention that "unlawful user of a controlled substance" is not an established, well-defined, legal concept, and that as a result, any person who has ever been in contact with any illegal substance, from the crack-addicted newborn to the elderly abuser of prescription medication, could come within its purview.

Defendant also contends that § 922(g)(3) is unconstitutionally vague as applied to him. He asserts that the evidence the government has concerning his drug use is minimal at best, and that there is no existing precedent, in any circuit, where evidence similar to the government's evidence in this case has been sufficient to withstand a vagueness challenge under § 922(g)(3). Defendant stresses that the term "unlawful user" is not defined in the statute, that the definition has been the subject of ongoing litigation, and that the Court should apply the "rule of lenity" in its interpretation of the statute in this case, resolving doubt in favor of the defendant because of the ambiguity in § 922(g)(3).

The evidence against him, according to defendant, is that he was allegedly found to be in possession of the remainder of a smoked marijuana cigarette;.22 grams of methamphetamine and of a .29 gram cigarette butt containing marijuana; a small amount of marijuana in his residence; and a pen containing methamphetamine residue. Additionally, he contends that the evidence will allegedly be that he made a statement that he smoked marijuana and did a "bump" once in a while; an acquaintance told police that defendant had given him a line of methamphetamine on a few occasions, with no dates given; that law enforcement interviewed an undocumented confidential

2

informant who allegedly said that defendant was involved in buying and selling drugs in the Mountain Grove area; and an anonymous caller, who had worked for defendant, told law enforcement that she had noticed white powder on his nose on several occasions and that his daughter imitated her father doing drugs. Defendant asserts that this evidence is not sufficient to sustain a conviction under § 922(g)(3), and that the statute is clearly vague as applied to him. He contends that he legally obtained the guns, and that he was not on notice that he was not to possess guns. Therefore, he contends that he, a person of ordinary intelligence, cannot discern the meaning of "unlawful user of a controlled substance," that the law has been arbitrarily applied to him, and that it is unconstitutionally vague, as specifically applied to him in this case.

The government contends this issue has long been addressed in the courts, and that without exception, § 922 (g)(3) has been held to pass constitutional muster based on the factors in the individual cases. It is asserted that based on defendant's multiple admissions to being an illegal user of controlled substances and the several seizures of user quantities of controlled substances, he was clearly on notice that his behavior in possessing firearms was prohibited. It is the government's position that the term "unlawful user" means a category of persons, which Congress determined should not possess firearms. It is contended that the law does not require simultaneous behavior of drug use and weapons possession, but rather, requires that the evidence leads to the inference that the defendant was in the category of "unlawful user" reasonably close in time to the firearm activity.

The government contends that based on relevant case law and the facts that it believes will be established, defendant would know that his conduct was in the range of behavior that made him a prohibited person. These facts include: that defendant was found with a partially smoked

3

marijuana cigarette and a firearm in his vehicle on May 21, 2004; defendant denied that the marijuana was his, but was unsure whose it was; defendant had pleaded guilty in 1989 to manufacturing and possessing marijuana; on July 27, 2004, a search warrant at defendant's residence led to the seizure of twelve firearms; on July 26, defendant had been arrested with stolen property at his business, and with marijuana and methamphetamine in his possession; defendant volunteered to a law enforcement officer on the 26th that he just smoked marijuana and did a "bump" once in a while; defendant admitted that he was a user of marijuana and methamphetamine, and said he purchased a gram to an 8-ball at a time; several guns were found during that search, but were not seized; a laboratory report confirmed that the material taken from defendant's person on July 26 was user quantities of methamphetamine and marijuana; on September 24, 2004, defendant was arrested and two firearms were found in his vehicle; defendant was indicted on November 17, 2004, and was arrested on November 18 with a pen casing containing a user quantity of methamphetamine in his possession. The government contends that based on defendant's multiple admissions to being an illegal user of controlled substances and the several seizures of controlled substances, all after the decision rendered by the Eighth Circuit in United States v. Mack, 343 F.3d 929, 933 (8th Cir. 2003)(en banc), cert. denied, 540 U.S. 1226 (2004), defendant was clearly on notice that his behavior in possessing firearms was prohibited. Accordingly, it is asserted that the vagueness challenge should be denied.

The general "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . ." United States v. Bewig, 354 F.3d 731, 737 (8th Cir. 2003), quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983). In elaborating on the parameters of the doctrine, the Bewig Court, in holding

4

that § 21 U.S.C. § 841(c)(2) is not unconstitutionally vague, explained that "[a] reasonable person would understand what conduct is prohibited by this standard, and could discern what activities to forego so as to comply with the law." 354 F.3d at 738.

The law is well-established, moreover, that in cases where First Amendment freedoms are not involved, the Court must evaluate the vagueness challenge based on the particular facts of the case and not with regard to the statute's facial validity.[1] Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Mazurie, 419 U.S. 544, 550 (1975); Nooner v. Norris, 402 F.3d 801, 807 (8th Cir. 2005). To determine whether a statute is unconstitutionally vague, the Court must apply a two-part test. First, the statute must provide adequate notice of the proscribed conduct. Kolender, 461 U.S. at 357. That is, whether it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provide[s] explicit standards for those who apply [it]. " Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Second, the statute must not lend itself to arbitrary enforcement. Kolender, 461 U.S. at 358. In determining whether a statute is impermissibly vague, courts generally look to "the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." Postscript Enters., Inc. v. Whaley, 658 F.2d 1249, 1255 (8th Cir.1981) (quoting Balthazar v. Superior Court, 573 F.2d 698, 700 (1st Cir.1978)).

Although the Eighth Circuit has not specifically addressed the constitutionality of § 922(g)(3) on vagueness grounds, the issue of whether "unlawful drug user" is void for vagueness has been addressed by other circuits, and the constitutionality of § 922(g)(3) on vagueness grounds has been upheld, in the circumstances of the particular cases. E.g., United States v. Purdy, 264 F.3d

---

[1] In United States v. Powell, 423 U.S. 87, 92 (1975), the Supreme Court held that this is true except in the rare instance where a statute is so vague as to "proscribe[] no comprehensible course of conduct at all."

5

809, 812-13 (9th Cir. 2001); United States v. Edwards, 182 F.3d 333 (5th Cir. 1999). Affording a common sense meaning to the phrase, it has been held that "unlawful user" is included within the category of persons who have a "criminal background," whom Congress has prohibited from possessing firearms. See Ocegueda, 564 F.2d at 1365, citing S. Rep. No.1501, 90th Cong.2d Sess 22 (1968) (addressing § 922(h)(3), the predecessor to § 922(g)(3)).

In the Eighth Circuit, the Court held in United States v. McIntosh, 23 F.3d 1454, 1458 (8th Cir. 1994), that § 922(g)(3) does not require proof of contemporaneous use of a controlled substance and possession of a firearm. Id. (rejecting a defendant's argument that § 922(g)(3) demanded proof of a strict temporal nexus between drug use and firearm possession). The Court stated that "[t]he plain language requires that the government only prove McIntosh was an 'unlawful user' or addicted to a controlled substance during the time he possessed firearms." Id. at 1458. The Eighth Circuit recently reiterated the holding in McIntosh, finding that the government had only to demonstrate that defendant was a "user of any controlled substance" during the period of time he possessed the firearms, and that it was not necessary to prove he was actually smoking marijuana at the time the officers found him in possession of firearms. Mack, 343 F.3d at 933. In Mack, the Court discussed at length the issue of the sufficiency of the evidence, and found that a small quantity of marijuana was adequate "to infer user status based on the quantity of marijuana (5.6 grams) that Mack possessed at the time of his arrest." Id. at 934.

Other sources are also instructive in supplying a definition for "unlawful user." 27 C.F.R. § 478.11 delineates the definition of unlawful user used by the Treasury Department in its firearms regulations. That definition provides, in pertinent part, that an "unlawful user" is one who "is a current user of a controlled substance in a manner other than as prescribed by a licensed physician.

6

Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct." The regulation further provides that "[a]n inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time." This language is incorporated in the Model Criminal Jury Instructions for the Eighth Circuit, 6.18.922(g)(3), under the relevant section of the model instruction for § 922(g)(3).

Having fully reviewed the positions of the parties, relevant case law and other sources, the Court finds that it must be recommended that defendant's motion to declare § 922(g)(3) unconstitutionally vague be denied. Although the term "unlawful user" was not defined in the statute, a common sense meaning of the phrase describes a category of persons who are not entitled to possess firearms because of criminal activity in the form of unlawful drug use. The necessary temporal connection between the two, which the Eighth Circuit has ruled need not be contemporaneous, must be established by the evidence in the individual case. It cannot be said, at this stage of the proceedings, whether the evidence in this case is sufficient to support a finding that defendant falls within the category of such persons. See United States v. Reed, 114 F.3d 1067 (10th Cir. 1997). In Reed, the Court addressed a constitutional challenge to §922(g)(3) on vagueness grounds, in a motion to dismiss, and found the statute to be unconstitutionally vague as applied to defendant. The Tenth Circuit reversed and remanded, even though the government had responded to the motion to dismiss by setting out a summary of the facts that it expected to prove at trial. The Tenth Circuit held that "it was error to consider the ["as applied"] challenge at the preliminary stage of the proceedings, as was done here." Id. at 1070. "We conclude that such a sensitive and fact

7

Case 6:04-cr-03140-RED   Document 40   Filed 06/15/05   Page 7 of 8

intensive analysis as that undertaken by the district court should be based only on the facts as they emerge at trial." Id. This Court is faced with a similar dilemma, in that both parties have presented their version of what the evidence might be. At this stage of the proceedings, there is no way to know what facts will actually be proven at trial. Therefore, the crucial factual context against which §922(g)(3) is to be judged is not certain. Based on applicable case law, the government must establish that defendant did more than possess controlled substances, but must have actually used them. Secondly, there must be a time frame or temporal connection between the unlawful use and the possession of firearms. Because there is no way to determine at this stage of the proceedings whether the conduct charged by the government will be proven at trial, the Court must recommend that the motion to dismiss be denied without prejudice to the defendant's right to raise his challenge, should he so choose, at the proper stage of the proceedings. It must be recommended, therefore, that the motion to declare the statute unconstitutionally vague and to dismiss the indictment be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to declare the charging statute to be unconstitutionally vague and to dismiss Counts I, II, III, and IV of the Superseding Indictment be denied.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 06/15/05